UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sindy H., | Civ. No. 26-2072 (PAM/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Todd Blanche, Acting Attorney General of the United States[1]; Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of United States Immigration and Customs Enforcement; David Easterwood, St. Paul Field Office Immigration and Customs Enforcement; and Eric Klang, Sheriff of Crow Wing County; in their official capacities, | |
| Respondents. | |

This matter is before the Court on Petitioner Sindy H.'s second Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Guatemala. (Id. ¶¶ 3, 50.) In 2023, she entered the United States without inspection by an immigration officer and was apprehended by Respondents, detained, and then released. (Id. ¶¶ 51–52.) On January 15, 2026, Respondents detained

---

[1] Respondent's name is automatically substituted to those of the current officeholder under Fed. R. Civ. P. 25(d).

Petitioner, and she remains in their custody. (Id. ¶ 59.) The day she was detained, Petitioner filed a habeas petition seeking immediate release or, alternatively, a bond hearing. (Id. ¶ 5.) On February 6, 2026, the Court denied the petition on the merits, finding that that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Sindy H. v. Lyons, Civ. No. 26-349, Docket No. 6.) The instant habeas petition followed.

**DISCUSSION**

In Petitioner's second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, she seeks the same relief originally sought—immediate release or, alternatively, a bond hearing. Respondents contend that the instant petition is merely a second bite at the apple, persisting in the view that Petitioner's detention is mandatory pending removal proceedings under § 1225(b)(2). Petitioner argues that her successive petition is not a second bite at the apple because the Court's previous Order did not address her procedural due process claim. (Pet. ¶ 6.)

The issue is clear: § 1225(b)(2) requires Petitioner's detention. See Avila v. Bondi, No. 25-3248 (8th Cir. March 25, 2026). Because Petitioner's detention is constitutional, her due-process, Fourth Amendment, and Immigration and Nationality Act claims challenging her arrest and detention fail. Petitioner's repeated argument that the Court should disregard the law of this Circuit is not well taken. Further, Petitioner argues that her arrest was unlawful because Respondents did not have a warrant. However, the statute does not include any mention of a warrant. See 8 U.S.C. § 1225(b)(2); Vargas Lopez v. Trump, 802 F. Supp. 3d 1132, 1138 (D. Neb. 2025). This argument fails.

3

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.      The Petition (Docket No. 1) is **DENIED**; and

2.      This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>April 20, 2026</u>                    <u>s/ Paul A. Magnuson</u>
                                                Paul A. Magnuson
                                                United States District Court Judge